UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

In re:  Case Number: 19-12155-7

CARRIE ANN JOHNSON,

Debtor.

JOSEPH GILBERT,

Plaintiff,

v.  Adversary Number: 19-77

CARRIE ANN JOHNSON,

Defendant.

## DECISION

This matter comes before the Court on the motion of Carrie Ann Johnson ("Defendant") for judgment on the pleadings (the "Motion") against Joseph Gilbert ("Plaintiff").

Defendant filed a voluntary Chapter 7 petition on June 24, 2019. Plaintiff filed an adversary proceeding on September 27, 2019. Plaintiff's first cause of action objects to discharge under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6). Plaintiff's second cause of action seeks denial of the Defendant's discharge under 11 U.S.C. §§ 727(a)(3), (a)(4), and (a)(5). The Court bifurcated the Plaintiff's section 523 and 727 claims as the two causes of action are based on materially different theories. The Court set a briefing schedule for the Plaintiff's

first cause of action. The Court deferred setting a briefing schedule for the second cause of action pending the decision on the first cause of action.

The Motion was initially filed as a motion for summary judgment without supporting affidavits, which prompted the Court to inquire about the Defendant's intentions on how to proceed. At a continued pre-trial hearing, Defendant's counsel made an oral request on the record for the Court to convert and treat the Motion as a motion for judgment on the pleadings. Defendant's Motion seeks a determination that she should not be denied a discharge under Code sections 523(a)2), (a)(4), or (a)(6).

For the reasons set forth herein, the Court denies the Motion. This adversary proceeding has not been set for trial. The Court will set a telephonic scheduling conference.

### BACKGROUND

The dispute in this case arises from the Defendant's access and use of funds in joint bank accounts. Plaintiff and Defendant were involved in a romantic relationship from approximately the mid-2000s to 2012. They lived together starting in 2007 but were never married. The couple owned a piece of real estate together where the Defendant operated a daycare business.

The couple held several joint checking and business bank accounts at Royal Credit Union ("Joint Accounts"). It is undisputed that the Plaintiff made a substantial portion of the deposits into the Joint Accounts. Defendant regularly withdrew sums from the Joint Accounts to pay the Plaintiff's personal bills and expenses. Defendant's Rule 2004 Examination testimony indicates the Plaintiff

2

was unable to handle his own finances. As the Defendant described in her own words, the Plaintiff "doesn't know how to run a checking account and/or pay bills[.]"[1]

Plaintiff's adversary complaint alleges the Defendant intentionally took and retained money that did not belong to her from the Joint Accounts. Plaintiff claims the withdrawals continued into 2019—seven years after their relationship ended. While the Plaintiff's response to the Motion highlights $90,273.90 in transactions from the Joint Accounts between 2017 and 2019, it is unclear what total dollar amount the Defendant is accused of wrongfully converting. Plaintiff asserts the Defendant's intentional deprivation of the cash and proceeds constitutes a violation of Wis. Stat. § 943.20(1)(a), entitling the Plaintiff to all remedies available under Wis. Stat. § 895.446.

Defendant concedes to making personal withdrawals from the Joint Accounts but maintains that each withdrawal was made with the Plaintiff's knowledge and explicit permission. Defendant denies committing any fraudulent acts and argues that, under Wisconsin law, she had a right to access and use funds in the Joint Accounts regardless of who made the deposits. Defendant asserts she did not need the Plaintiff's permission to access the funds and that it is impossible to convert or misappropriate funds that also belonged to her under the structure of the Joint Accounts. Defendant further argues she did not owe any fiduciary duties to the Plaintiff, and thus did not commit fraud, breach of fiduciary duty, or willful or malicious injury.

---

[1] ECF no. 19 at 16 – transcript box 12.

Defendant places the blame on the Plaintiff's failure to monitor the Joint Accounts and asserts the Plaintiff had a duty to review periodic bank statements under Wis. Stat. § 404.406.

Plaintiff counters that he never intended for the Defendant to make withdrawals from the Joint Accounts for her own benefit and purposes.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 7012(c), adopting Federal Rule of Civil Procedure 12(c), allows a party to an action to move for judgment on the pleadings after the complaint and answer have been filed. *Moss v. Martin,* 473 F.3d 694, 698 (7th Cir. 2007). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend,* 163 F.3d 449, 452 (7th Cir. 1998); *see also* FED. R. CIV. P. 10(c).

"A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Berg v. SSA (In re Berg),* 569 B.R. 755, 758 (Bankr. W.D. Wis. 2017). Courts "may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true." *Alexander v. City of Chicago,* 994 F.2d 333, 335 (7th Cir. 1993). Therefore, this Court must determine whether the Plaintiff's complaint states "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff's well-pleaded factual allegations are taken as true and all reasonable inferences from the facts are drawn in favor of the Plaintiff. *Berg,* 569 B.R. at 759 (citing *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.,* 770 F.3d 610, 612 (7th Cir. 2014)).

"Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion." *Moss,* 473 F.3d at 698 (citing *Brunt v. SEIU*, 284 F.3d 715, 718-19 (7th Cir. 2002). As the moving party, the Defendant "must unequivocally establish that no material issue of fact exists and that judgment on the pleadings is warranted by law." *ColeMichael Invs., L.L.C. v. Burke (In re Burke),* 398 B.R. 608, 620 (Bankr. N.D. Ill. 2008) (citing *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987)).

In order to determine whether the Plaintiff's complaint states a claim that has facial plausibility, the Court must first consider the meaning of the relevant state statutes.

### A. Joint Bank Accounts Under Wisconsin Law

In Wisconsin, multiple-party and agency bank accounts are governed by Chapter 705. Wis. Stat. § 705.03 provides, in pertinent part:

> Unless there is clear and convincing evidence of a different intent: (1) A joint account belongs, during the lifetime of all parties, to the parties without regard to the proportion of their respective contributions to the sums on deposit . . . any sum withdrawn from a joint account by a party thereto shall not be subject to inquiry by any person, *including any other party to the account* and notwithstanding such other party's minority or other disability[.]

5

Wis. Stat. § 705.03(1) (emphasis added).

The statute provides "protection for joint owners to freely withdraw sums from a joint account." *State v. Kawalec,* 2019 WI App 48, ¶7, 388 Wis. 2d 474, 934 N.W.2d 568, 2019 Wisc. App. LEXIS 414 (Wis. Ct. App. 2019) (citing *In re Estate of Lloyd,* 170 Wis. 2d 240, 269, 487 N.W.2d 647 (Wis. Ct. App. 1992)). The statute's conditional language "creates a presumption that depositing funds into a joint account is done with donative intent—that is, the funds were intended to be available for personal use by all joint owners." *Kawalec,* 2019 WI App 48, ¶7 (citing *Russ v. Russ,* 2007 WI 83, ¶31, 302 Wis. 2d 264, 734 N.W.2d 874 (Wis. 2007)).

Here, the Plaintiff argues the Defendant's intentional deprivation of the cash and proceeds constitutes a violation of Wisconsin's criminal theft statute. Wis. Stat. § 943.20(1)(a) provides, in pertinent part, that whoever "[i]ntentionally takes . . . or retains possession of a movable property of another without the other's consent and with intent to deprive the owner permanently of possession of such property" may be penalized under the state's criminal justice system. Wis. Stat. § 943.20(1)(a). "Property of another" is defined to include "property in which the actor is a co-owner . . . unless the actor and the victim are husband and wife." Wis. Stat. § 943.20(2)(c). Thus, funds in a jointly owned account are "property of another" unless the co-owners are married. *See Kawalec,* 2019 WI App 48, ¶9.

Defendant's Motion asserts she did not need permission to access funds in the Joint Accounts and that it is impossible to steal what belonged to her. In effect, the Defendant wants the Court to view the Plaintiff's deposit of funds into the Joint Accounts as transferring ownership of the funds to the Defendant. This argument would certainly prevail if the Plaintiff and Defendant were married, but they were not. This Court must draw a distinction between having access to funds in a joint account and having actual ownership over such funds. While the Defendant had a right to access funds, she did not own the funds. Because the parties were never married, Plaintiff's complaint states a claim for relief that is plausible since there is a question of ownership over the funds in the Joint Accounts.

Furthermore, there is a question of whether the Plaintiff intended to allow the Defendant to continue making withdrawals from the Joint Accounts years after their relationship ended. Wis. Stat. § 705.03(1) allows joint owners to freely access account funds, "[u]nless there is clear and convincing evidence of a different intent." Taking the Plaintiff's well-pleaded factual allegations as true and drawing all reasonable inferences from the facts in favor of the Plaintiff, the Court cannot determine—solely based on the pleadings—that the Plaintiff intended for the Defendant to access and retain funds after the relationship ended in 2012.

B. <u>Exceptions to Discharge Under 11 U.S.C. § 523</u>

The discharge provided by the Bankruptcy Code allows honest but unfortunate debtors a "fresh start" through bankruptcy proceedings. The

7

exceptions to discharge under 11 U.S.C. § 523 are strictly construed against objecting creditors and liberally in favor of debtors. *See In re Crosswhite,* 148 F.3d 879, 881 (7th Cir. 1998). The party objecting to discharge must prove each element of the discharge exceptions by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991).

    1. *11 U.S.C. § 523(a)(2)(A)*

Under section 523(a)(2)(A), a discharge in bankruptcy does not exempt a debtor from a debt arising from false pretenses, a false representation, or actual fraud. To except a debt from discharge for "false pretenses" or a "false representation," a creditor must establish that the debtor made a knowingly "false representation of fact . . . with an intent to deceive" and "upon which the creditor justifiably relied." *Zamora v. Jacobs (In re Jacobs)*, 448 B.R. 453, 471 (Bankr. N.D. Ill. 2011). For purposes of the "false pretenses" and "false representation" prongs, "intent to deceive is measured by the debtor's subjective intention at the time the representation was made." *Id*. at 472.

Reliance must be "justifiable." *Field v. Mans*, 516 U.S. 59, 73-75 (1995). Justifiable reliance is subjective and what is justifiable depends on the circumstances and characteristics of a particular case. *Id.* at 71. The justifiable reliance requirement does not place an affirmative duty on creditors to investigate, unless "the falsity of the representation is easily detectable." *Bombardier Capital, Inc. v. Dobek (In re Dobek)*, 278 B.R. 496, 508 (Bankr. N.D. Ill. 2002). Creditors cannot ignore obvious falsehoods. *Jacobs,* 448 B.R. at 472.

8

Unlike the first two prongs, "actual fraud" does not require a misrepresentation or reliance. *See McClellan v. Cantrell*, 217 F.3d 890, 892-93 (7th Cir. 2000). Actual fraud encompasses varied circumstances and consists of "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another[.]" *Id.* at 893. To establish a claim based on "actual fraud," a creditor "must prove that: (1) 'actual fraud' occurred; (2) the debtor intended to defraud the creditor; and (3) the debtor's actual fraud created the debt at issue." *Jacobs,* 448 B.R. at 471-72.

Here, the Plaintiff's complaint states a claim to relief under section 523(a)(2)(A) that is plausible on its face. At this stage of the adversary proceeding, the Court's record does not support a finding that the Plaintiff cannot prove any facts to support the claim that the debt owed to him was a result of false pretenses, false representation, or actual fraud. Similarly, the pleadings assert a reasonable reliance. Facts in support of or in opposition to this element must await further evidence. Defendant's Motion and supporting brief have failed to establish that no material issues of fact exist with respect to the Defendant's alleged unlawful use of funds from the Joint Accounts.

    2. *11 U.S.C. § 523(a)(4)*

Section 523(a)(4) of the Bankruptcy Code provides that a debtor cannot discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]" 11 U.S.C. § 523(a)(4). "The meaning of these terms is a question of federal law." *Burke,* 398 B.R. at 626 (citing *In re McGee,* 353 F.3d 537, 540 (7th Cir. 2003)). A finding of nondischargeability under section

9

523(a)(4) requires a creditor to prove that a debtor committed: (1) fraud or defalcation while acting as a fiduciary, (2) embezzlement, or (3) larceny.

The existence of a fiduciary relationship under this Code section is determined by federal law. *O'Shea v. Frain (In re Frain),* 230 F.3d 1014, 1017 (7th Cir. 2000). Nevertheless, "courts also consider state law relevant in deciding whether a debtor was acting as a fiduciary under federal law." *Galloni v. Barry (In re Barry),* 538 B.R. 739, 748 (Bankr. N.D. Ill. 2015). The "traditional definition of fiduciary—as a relationship involving confidence, trust and good faith—is inapplicable in the dischargeability context." *Martinez v. Goodrich (In re Goodrich),* 2004 Bankr. LEXIS 1951, at *6, 2004 WL 2758671 (Bankr. C.D. Ill. Oct. 20, 2004) (citing *Cal-Micro, Inc. v. Cantrell (In re Cantrell),* 329 F.3d 1119 (9th Cir. 2003)).

The Seventh Circuit Court of Appeals has narrowly construed the definition of a fiduciary relationship in bankruptcy proceedings, reasoning that:

> Not all persons treated as fiduciary under state law are considered to "act in a fiduciary capacity" for purposes of federal bankruptcy law . . . . It is not sufficient to show merely that a debtor was a fiduciary under applicable state law.

*Follett Higher Educ. Group, Inc. v. Berman (In re Berman),* 629 F.3d 761, 767 (7th Cir. 2011). *See also In re Marchiando,* 13 F.3d 1111, 1116 (7th Cir. 1994) (finding that a fiduciary relationship exists under section 523(a)(4) when there is a "difference in knowledge or power between fiduciary and principal which . . . gives the former a position of ascendancy over the latter.").

Here, the parties disagree on the existence of a fiduciary relationship between them. The parties also clearly disagree on the arrangements between them for the use of the funds. This is a material factual dispute.

With respect to the Plaintiff's claims under section 523(a)(4), the complaint states a facially plausible claim.

### 3.  11 U.S.C. § 523(a)(6)

Section 523(a)(6) provides that a debt is nondischargeable if it was incurred through willful and malicious injury by a debtor. To show willful and malicious injury, a creditor must show that: (1) a debtor acted willfully, (2) a debtor acted maliciously, and (3) the debtor's willful and malicious actions injured the creditor. *Owens v. Powell (In re Powell)*, 567 B.R. 429, 434 (Bankr. N.D.N.Y. 2017). "Willfulness and maliciousness are separate elements that must be independently proven." *Id.*

An act is willful "when an actor had actual intent to cause injury or was substantially certain that the injury would occur." *Powell*, 567 B.R. at 434. To meet the standard for willfulness, a creditor must show "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998) (emphasis in original).

Maliciousness has generally been held to encompass "implied or constructive malice as well as actual malice." *In re McGuffey*, 145 B.R. 582, 586 (Bankr. N.D. Ill. 1992). Implied malice may be demonstrated "by the acts and conduct of the debtor in the context of [the] surrounding circumstances." *Navistar Fin. Corp. v. Stelluti (In re Stelluti),* 94 F.3d 84, 88 (2d Cir. 1996); *see*

11

*also Lee v. Ikner (In re Ikner)*, 883 F.2d 986, 991 (11th Cir. 1989) ("Constructive or implied malice can be found if the nature of the act itself implies a sufficient degree of malice."). The Seventh Circuit Court of Appeals has defined willful and malicious injury as one that "the injurer inflicted knowing he had no legal justification and either desiring to inflict the injury or knowing it was highly likely to result from his act." *Jendusa-Nicolai v. Larsen*, 677 F.3d 320, 324 (7th Cir. 2012).

The pleadings clearly create a dispute about whether Defendant knew there was no legal justification for use of the funds from the Joint Accounts. And there is a clear dispute about whether Defendant desired to inflict injury or knew her actions were likely to result in injury. This dispute is, at its core, a question of intent and knowledge best determined at trial where assessment of credibility is possible.

As described, this Court may grant the Motion only if it is beyond doubt that the Plaintiff can plead no facts that would support his claim for relief. At this stage, the Court is not fully convinced that a monetary injury did not occur. The Plaintiff should and will have an opportunity at trial to present evidence to support his claims against the Defendant under section 523(a)(6).

The Court makes no findings about the merits of the Plaintiff's adversary action against the Defendant. This decision is merely a finding that the Plaintiff's complaint pleads facts that support his claims for relief. Taking the Plaintiff's well-pleaded factual allegations as true and drawing all reasonable

inferences from the facts in favor of the Plaintiff, the Court finds that the complaint states claims that have facial plausibility.

## CONCLUSION

For these reasons, the Defendant's Motion for Judgment on the Pleadings is denied.

This decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 and Rule 52 of the Federal Rules of Civil Procedure.

A separate order consistent with this decision will be entered.

Dated: April 15, 2020

BY THE COURT:

_____
Hon. Catherine J. Furay
U.S. Bankruptcy Judge
